107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David GREEN, By and Through his conservators, Michael GREEN
and Faye Wheeler Green, Plaintiff-Appellant,
v.
CITY OF EUREKA, Kay Howden; Wayne Cox, Defendants-Appellees.
 No. 95-16268.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 13, 1997.
Decided Feb. 6, 1997.
 
 Before: LAY*, GOODWIN, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Green suffered external injuries and a brain hemorrhage shortly after he was arrested and handcuffed by two Eureka police officers. He sued the police officers under 42 U.S.C. § 1983. A jury found that Green's injuries were caused by his own reckless acts and not by the two arresting police officers. Green moved for a new trial on diverse grounds. The district court denied the motion and Green now appeals. We affirm the judgment.
 
 
 3
 I. DID THE TRIAL COURT ABUSE ITS DISCRETION IN DENYING GREEN'S MOTION FOR A NEW TRIAL?
 
 
 4
 Green argues that the trial court abused its discretion when it denied his motion for a new trial. "A new trial may be granted to all or any of the parties ... for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed.R.Civ.P. 59(a)(1). However, "no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial ... unless refusal to take such action appears to the court inconsistent with substantial justice." Fed.R.Civ.P. 61.
 
 
 5
 Green bases his petition for a new trial primarily on a claim of newly discovered evidence. A new trial may be granted because of newly discovered evidence if (1) there is newly discovered evidence; (2) the party earlier exercised due diligence to find this evidence; and (3) the evidence is of such a magnitude that its earlier production would likely have changed the outcome of the case. Coastal Transfer Co. v. Toyota Motor Sales, 833 F.2d 208, 211 (9th Cir.1987).
 
 
 6
 Green's newly discovered evidence is a bill for expert testimony expenses submitted by a neurosurgeon who treated Green in the emergency room. The doctor's bill seemingly contradicted his trial testimony. The doctor billed for five hours discussion with defense attorneys, but at trial he testified that he had never spoken to Mr. Ezzell, lead defense counsel. The doctor billed for four hours review of medical records, but at trial he testified that he had conducted no research on the case since his deposition.
 
 
 7
 Green interprets this bill to mean that the doctor and the defense attorneys had met, had discussed the doctor's testimony, and had lied at trial to pretend they had not. Green argues that he could have used this evidence at trial to impeach the doctor's testimony and win his case.
 
 
 8
 We note that Green's interpretation of the doctor's bill is his own and is not established by any other evidence. The defense interpreted the bill to mean that the doctor had inflated his hours spent and that the doctor was referring to non-substantive conversations with defense counsel other than Mr. Ezzell.
 
 
 9
 We need not consider whether Green is correct, however, for he is still not entitled to a new trial. "Newly discovered evidence that would merely affect the weight and credibility of the evidence ordinarily is insufficient for a new trial." 11 Charles Alan Writht et. al., Federal Practice and Procedure § 2808 (2d ed. 1995); See also Dias v. Methodist Hosp., 46 F.3d 492, 495-96 (5th Cir.1995) (no new trial where new evidence merely impeaches other testimony).
 
 
 10
 Here, the evidence even as depicted by Green would be no more than cumulative impeachment testimony. At trial, many witnesses testified about the circumstances of Green's injuries, including several doctors. One doctor testified for the defense and was cross-examined by Green. During cross examination, Green established that the doctor was being paid by the defense and had changed his views on the cause of Green's injuries. The district judge, to whom we defer for assessments of credibility, found that the doctor had been effectively impeached. Our review of the record supports the views of the district judge.
 
 
 11
 Green raises numerous other arguments for a new trial, including the objections to the verdict form, evidentiary rulings, the conduct of the judge, and the conduct of defense counsel. Many of Green's objections were not raised at the district court and thus were not preserved for appeal. None of Green's arguments warrant reversal of the trial court's denial of a new trial.
 
 II. DEFENSE REQUEST FOR ATTORNEYS' FEES
 
 12
 Defendants seeks attorneys' fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988. This court will award a prevailing defendant attorney fees under §§ 1983 and 1988 only if plaintiff's action was "frivolous, unreasonable or without foundation." Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir.1994). An appeal is considered "frivolous" when the result is obvious or appellant's arguments of error are wholly without merit. Id. In this case, plaintiff's unsuccessful arguments about newly discovered evidence, as well as defense misconduct and jury instructions, had some arguable basis in fact and in law. Defendants' request for attorneys' fees is therefore denied.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3